# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 14-03

SOUTHERN ACADIANA SERVICES, LLC
AND KHAMBANG VIENGVILAY

VERSUS

PHONESAGA PHAYARATH,
I & I CONTRACTING SERVICES, LLC,
AND LYNN LATIOLAIS

**\*\*\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF NEW IBERIA, DOCKET NO. 121318-A
## HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Adam G. Young**
**Patrick C. (Con) Cotter**
**Laura N. Buck**
**Young & Cotter, L.L.C.**
**315 South College Road, Suite 163**
**Lafayette, Louisiana 70503**
**(337) 261-8800**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Southern Acadiana Services, LLC and**
     **Khambang Viengvilay**

**Edward P. Landry**
**Landry, Watkins, Repaske & Breaux**
**211 East Main Street**
**Post Office Box 12040**
**New Iberia, Louisiana 70562-2040**
**(337) 364-7626**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Phonesaga Phayarath and**
     **I & I Contracting Services, LLC**

**David W. Groner**
**230 West Main Street**
**New Iberia, Louisiana 70560**
**(337) 364-3629**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Lynn Latiolais and**
     **Teresa Latiolais, d/b/a Latiolais Tax Accounting**

**GENOVESE, Judge.**

Plaintiffs, Southern Acadiana Services, LLC and Khambang Viengvilay, appeal the judgment of the trial court granting summary judgment in favor of Defendants, Phonesaga Phayarath and I & I Contracting Services, LLC, finding that Plaintiffs failed to meet their burden of proof on their claims for breach of fiduciary duty, tortious interference with contracts, unfair trade practices, and defalcation of funds relative to their business arrangement. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Southern Acadiana Services, LLC (SAS) was formed on June 28, 2011, by Khambang Viengvilay and Phonesaga Phayarath to provide welding services to industrial customers. Viengvilay and Phayarath were the only two members of the limited liability company, each with a fifty percent membership interest.

In April 2012, after disagreements arose between Viengvilay and Phayarath, they began discussions about closing SAS. On May 5, 2012, the parties met, but, were unable to reach an agreement on the terms of a buyout.

On the morning of May 7, 2012, unbeknownst to Phayarath, Viengvilay contacted SAS's employees and informed them that SAS was permanently closing. Viengvilay also contacted SAS's insurance agent, cancelled SAS's workers' compensation and liability insurance, and emailed SAS's customers, advising them that SAS no longer had insurance and that it was closing its business.

Later that same day, when Phayarath learned of Viengvilay's actions, he contacted SAS's insurance agent and reinstated the insurance coverage. Phayarath then went to the office of the Louisiana Secretary of State to form his own company, I & I Contracting Services, LLC (I & I), which he created to provide welding services to industrial customers.

Suit was subsequently filed by Viengvilay and SAS against Phayarath and I & I asserting claims for breach of fiduciary duty, tortious interference with contracts, unfair trade practices, and defalcation of funds.[1]  Viengvilay and SAS contended that Phayarath and I & I were liable for the damages they sustained resulting from Phayarath starting a competing business, acquiring SAS's customers, and withdrawing SAS's funds without notice to or approval by Viengvilay.

Phayarath and I & I filed a Motion for Summary Judgment asserting that:

> There are no genuine issues of material fact as to any of plaintiffs' claims since plaintiffs by their own admission triggered the chronology of events which specifically caused the damages sustained by Plaintiffs, Southern Acadiana Services, LLC and [VIENGVILAY]. Therefore, defendants, PHONESAGA PHAYARATH and I & I CONTRACTING SERVICES, LLC, are entitled, as a matter of law, to summary judgment herein, dismissing all plaintiffs' demands at plaintiffs' costs.

Following a hearing, the trial court granted Phayarath and I & I's Motion for Summary Judgment, "being of the opinion that the plaintiffs did not meet their burden of proof as to the allegations of a claim for breach of fiduciary duty, tortious interference with contracts, unfair trade practices, and defalcation of funds."  Viengvilay and SAS appeal.

## ASSIGNMENTS OF ERROR

On appeal, Viengvilay and SAS present the following assignments of error for our review:

1. The [t]rial [c]ourt erred in finding that Khambang [Viengvilay] caused damages to [SAS] and that Plaintiffs cannot sustain their burden of proof with respect to their claim against Defendants for breach of fiduciary duties.

---

[1]Also named as Defendants were Lynn Latiolais and Teresa Latiolais d/b/a Latiolais Tax Accounting; however, the claims asserted against these Defendants are not at issue in this appeal.

2

2. The [t]rial [c]ourt erred in finding that [SAS] had no contracts that could be interfered with, and that Plaintiffs cannot meet their burden of proof with respect to their claim against Defendants for tortious interference with contracts.

3. The [t]rial [c]ourt erred in holding that the unfair trade practices are proved to be the result of the action of Plaintiff, and that Plaintiffs cannot meet their burden of proof with respect to their claim for damages against Defendants pursuant to the Louisiana Unfair Trade Practices Act.

4. The [t]rial [c]ourt erred in holding that there is no proof that the Defendants issued checks illegally, and that Plaintiffs cannot meet their burden of proof with respect to their claim against Defendants for defalcation of funds.

## LAW AND DISCUSSION

A motion for summary judgment is reviewed on appeal under the de novo standard of review. *Hogg v. Chevron USA, Inc.*, 09-2632 (La.7/6/10), 45 So.3d 991. The reviewing court uses the same criteria as the trial court to determine whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *See* La.Code Civ.P. art. 966; *Hogg*, 45 So.3d 991. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "[A] 'genuine issue' is a 'triable issue,' or one as to which reasonable persons could disagree. A 'material fact' is a fact, the existence or non-existence of which may be essential to a cause of action under the applicable theory of recovery." *Hogg*, 45 So.3d at 997 (citations omitted), citing *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. In proving entitlement to summary judgment:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

3

*Gruver v. Kroger Co.*, 10-689, pp. 2-3 (La.App. 3 Cir. 2/2/11), 54 So.3d 1249, 1251, *writ denied*, 11-471 (La. 4/25/11), 62 So.3d 92

In support of their Motion for Summary Judgment, Phayarath and I & I contend that it was Viengvilay's own unilateral and unjustified actions that caused the losses which he and SAS allegedly sustained. To the contrary, Viengvilay and SAS contend that summary judgment is unwarranted because "genuine issues of material fact exist with respect to the cause of the damages to SAS."

In considering the Motion for Summary Judgment, the trial court addressed each of the claims asserted individually. The court ultimately concluded, based upon the evidence, that Viengvilay and SAS were unable to meet their burden of proof. Having conducted a de novo review of the record, we agree with the trial court.

On the claim for breach of fiduciary duty, the trial court found that "prior to the actions taken by [Phayarath], [Viengvilay] had already shut down the business. He terminated the business; he saw that all of the employees were terminated; he cancelled the insurance for the employees[;] and he advised all of the customers that the business was shut down." Based upon these facts, the trial court concluded that "there is no way that [Viengvilay and SAS can] sustain the burden of proof to prove the cause and fact of the injury sustained by [SAS] were brought about by the actions of [Phayarath.]" To the contrary, based upon the evidence, the trial court found "that the closing down of [SAS] and any damages[] resulted from the sole action and sole cause in fact[] of the actions taken by [Viengvilay] in shutting down the business, having the employees terminated[,] terminating the insurance for the business[,] and advising the customers that the business was shut down." For these reasons, Viengvilay and SAS did not prove any breach of a fiduciary

4

duty on the part of Phayarath which damaged Viengvilay or SAS. Consequently, we find no error in this determination.

On the claim for tortious interference with contracts, the trial court found that "[t]here was no contract." After Viengvilay advised employees, customers, and the insurer that SAS was shut down, "there [was] no longer any contract with the customers, with the insurance company or with the employees." Given that no contract existed, the trial court found that Viengvilay and SAS failed to meet their burden of proof on this claim. We agree.

On the claim of unfair trade practices, the trial court also found an inability of Viengvilay and SAS to meet their burden of proof. Again, in the opinion of the trial court, "the unfair trade practices are proved to be the result of the action of [Viengvilay,] not the action of [Phayarath]." Based upon our de novo review of the record, we likewise agree with this determination.

The final claim asserted by Viengvilay and SAS against Phayarath and I & I was for defalcation of funds. It is undisputed that Phayarath issued and signed checks on SAS's accounts. However, as noted by the trial court, "there is no proof that any of those were illegally issued, or signed, or not done by a managing member." For these reason, Viengvilay and SAS also failed to meet their burden of proof on this claim.

The crux of Viengvilay and SAS's argument in opposition to the Motion for Summary Judgment is that, at the very least, issues of comparative fault remain which preclude the grant of summary judgment. However, our de novo review of the record reveals that there are no questions of material fact on the issue of comparative fault. The facts, as set forth above, establish that it was the unilateral actions of Viengvilay that caused SAS to close and caused any alleged damages resulting thereby. Viengvilay's actions were taken without the knowledge or

consent of Phayarath. Viengvilay and SAS are unable to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial on the claims asserted herein. Therefore, we find no error in the trial court's grant of summary judgment in favor of Phayarath and I & I.

## DECREE

For the reasons assigned, we affirm the trial court's grant of summary judgment in favor of Phonesaga Phayarath and I & I Contracting Services, LLC. Costs of this appeal are assessed to Southern Acadiana Services, LLC and Khambang Viengvilay.

**AFFIRMED.**