# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 14-895

ALPHONSE J. CREDEUR,
ALTON JOSEPH STEVENSON,
& LENIS DALE TRAHAN

VERSUS

RICHARD "DICKIE" LATIOLAIS, IN HIS
CAPACITY AS SECRETARY-TREASURER
FOR THE ACDADIA PARISH POLICE JURY,
& THE ACADIA PARISH POLICE JURY

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF ACADIA, DOCKET NO. 2013-10645, DIVISION D
## HONORABLE EDWARD RUBIN, DISTRICT COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and David Kent Savoie, Judges.

**AFFIRMED.**

**Holden Hoggatt**
**Hoggatt Law Group, APLC**
**120 Caillouet Place**
**Lafayette, Louisiana 70501**
**(337) 514-4551**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Alphonse J. Credeur,**
    **Alton Joseph Stevenson,**
    **and Lenis Dale Trahan**

**F. Douglas Wimberly**
**Cloyd, Wimberly & Villemarette, L.L.C.**
**302 La Rue France, Suite 204**
**Post Office Box 53951**
**Lafayette, Louisiana 70505-3951**
**(337) 289-6906**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Richard "Dickie" Latiolais and**
     **The Acadia Parish Police Jury**

**GENOVESE, Judge.**

Plaintiffs appeal the trial court's grant of summary judgment in favor of Defendants. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Alphonse J. Credeur, Alton Joseph Stevenson, and Lenis Dale Trahan, are duly elected members of the Acadia Parish Police Jury. Defendant, Richard "Dickie" Latiolais, is Secretary/Treasurer for the Acadia Parish Police Jury. On June 21, 2013, Plaintiffs filed a Petition for Injunctive Relief[1] and Declaratory Judgment against the Acadia Parish Police Jury and Mr. Latiolais, in his capacity as Secretary/Treasurer of the Acadia Parish Police Jury (Defendants). According to Plaintiffs, Mr. Latiolais authorized the illegal disposal of waste generated outside the boundaries of Acadia Parish when he "ordered and caused to issue Acadia Parish Sanitary Landfill permit number 00930 to Affordable Pools, LLC." Plaintiffs sought a declaratory judgment declaring the aforementioned

---

[1]Louisiana Code of Civil Procedure Article 3601 provides:

> A. An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board, or agency, or any officer, administrator, or head thereof, or any officer of the state of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board, or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

> B. No court shall issue a temporary restraining order in cases where the issuance shall stay or enjoin the enforcement of a child support order when the Department of Children and Family Social Services is providing services, except for good cause shown by written reasons made a part of the record.

> C. During the pendency of an action for an injunction[,] the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.

permit "null, void, and without legal effect insofar as it permits waste generated outside the boundaries of Acadia Parish to be deposited in the Acadia Parish Sanitary Landfill." Plaintiffs also requested preliminary and permanent injunctions, enjoining and prohibiting Defendants "from issuing or causing to be issued any and all permits that allow the deposit of waste generated outside Acadia Parish into the Acadia Parish Sanitary Landfill." Citing *Police Jury of the Parish of Acadia v. All Taxpayers*, 95-145 (La.App. 3 Cir. 3/29/95), 653 So.2d 94, *writ denied*, 95-1069 (La. 6/30/95), 657 So.2d 1032, Plaintiffs contend that this court's ruling "expressly stated that the Police Jury may not authorize the Landfill to dispose of waste generated outside of Acadia [P]arish."

Defendants filed an Answer to Petition for Injunctive Relief and Declaratory Judgment on July 25, 2013. Defendants averred that permit number 00930 "was revoked and voided on February 6, 2013."

On September 13, 2013, Defendants filed a Motion for Summary Judgment restating that permit number 00930 was revoked on February 6, 2013, and asserting that "there already exists a permanent injunction which prohibits Acadia Parish from accepting out-of-parish waste." Defendants also rely upon *Police Jury of the Parish of Acadia*, 653 So.2d 94; however, it is Defendants' contention that the injunction Plaintiffs seek already exists and that it stems from this court's ruling in that case. Defendants sought summary judgment as a matter of law on the basis that no controversy or conflict exists. In support of the Motion for Summary Judgment, Defendants offered into evidence the affidavits of Defendant, Mr. Latiolais; Robert Hebert, Acadia Parish Sanitary Landfill Supervisor; and, Glenn and Waylon Daigle, owners of Affordable Pools, LLC. According to Mr. Latiolais, permit number 00930 was revoked on February 6, 2013, after a

2

meeting of the Acadia Parish Police Jury wherein there was "disagreement expressed by and among the members[.]" According to Mr. Hebert, he "was informed by [Mr. Latiolais] on the morning of February 6, 2013[,] that the permit issued to Affordable Pools, LLC[,] had been revoked[.]" The affidavit of Glenn and Waylon Daigle echoes the affidavits of Mr. Latiolais and Mr. Hebert by declaring that permit number 00930, issued to Affordable Pools, LLC, was revoked and returned to the administrative offices of the Acadia Parish Police Jury on February 6, 2013.

A hearing on Plaintiffs' motion for injunctive relief and Defendants' Motion for Summary Judgment was held on September 30, 2013. At said hearing, the trial court ordered the production of the minutes from an Acadia Parish Police Jury meeting recording that permit number 00930 was revoked. On December 3, 2013, the trial court issued Reasons for Judgment, wherein it professed:

> After conclusion of argument and submission of the matter to the Court, the Court decided to pretermit the matter while waiting for the next Police Jury meeting. Counsel for [D]efendants was instructed to obtain the minutes from that next meeting documenting in the records that the permit at issue has been revoked. The parties were at that time informed by the Court that once counsel had complied with the Court's order, that the Motion for Preliminary Injunction would be denied.
>
> The Court having found that counsel for [D]efendants has complied with the Court['s] September 30, 2013 instructions, finds that Plaintiffs' Motion for Injunctive Relief is moot, inasmuch as there has been a showing that on October 2, 2013, defendants filed with the Clerk of Court for Acadia Parish a copy of the October 2, 2013 minutes of the Solid Waste Committee of the Acadia Parish Police Jury meeting. The pertinent part of those minutes reads as follows: "Pursuant to the directions given by Judge Rubin in court on yesterday, please let the public record reflect that the solid waste permit previously issued to Affordable Pools, Permit No. 00930, has been revoked. Permit No. 00930 was revoked on February 6, 2013. The original permit was returned to the Police Jury Office on that date." The issuance of permit No. 00930 which [P]laintiffs sought to enjoin has been remedied by revocation of the same. Additionally,

[P]laintiffs have not shown the requisite irreparable injury, loss, or damage necessary for issuance of an injunction in this case. Hence, the Court denies their motion for preliminary injunction.

As to [D]efendants' Motion for Summary Judgment, the issue of the revocation of Permit No. 00930 having been remedied, and having shown that a permanent injunction already exists which prohibits Acadia Parish from disposing of out-of-parish waste at the Acadia Parish Sanitary Landfill, the Court finds no genuine issue of material fact and[,] accordingly, grants the Motion for Summary Judgment.

A judgment granting Defendants' Motion for Summary Judgment and dismissing Plaintiffs' claims was signed by the trial court on March 10, 2014.

Plaintiffs appeal.

## ASSIGNMENTS OF ERROR

On appeal, Plaintiffs set forth three assignments of error:

**Assignment of Error No. 1:** The trial court erred in granting [A]ppellees' Motion for Summary Judgment dismissing Appellants' claims for declaratory relief, because adequate time for discovery had not passed and summary judgment was premature.

**Assignment of Error No. 2:** The trial court erred in granting [A]ppellees' Motion for Summary Judgment, because genuine issues remain, and are apparent on the face of the record, as to the following material facts: (1) the date on which when [sic] Permit No. 00930 was issued, (2) the amount of trash disposed of under Permit No. 00930, (3) whether the waste at issue constitutes "out-of-parish" waste such that [A]ppellee's conduct in permitting the trash to be disposed of at the land fill violated the standard permanent injunction, and (4) whether the hauling and dumping [of] out-of-parish waste by Affordable Pools, LLC has actually ceased as alleged.

**Assignment of Error No. 3:** The trial court erred in granting [A]ppellees' Motion for Summary Judgment dismissing Appellants' claims for declaratory relief, because Appellants are entitled to judicial declaration, upon sufficient proof of the following, that (1) the construction debris produced on construction projects outside of the parish constitutes "out-of-parish" waste regardless of where any new construction materials were purchased, (2) the issuance of Permit No. 00930 violated the standing permanent injunction prohibiting the dumping of "out-of-parish" waste, (3) the issuance of Permit No. 00930 at the direction of Secretary-Treasurer Latiolais violated Acadia Parish Police Jury's own duly adopted procedure for verifying

4

construction debris prior to dumping by contractors, and (4) Permit No. 00930, and any other similar past, present, or future permits, are and continue to be, void and without legal effect.

## LAW AND DISCUSSION

In their first assignment of error, Plaintiffs argue that Defendants' "Motion for Summary Judgment was premature, because adequate time for discovery had not passed, thereby materially prejudicing [their] ability to prosecute their case." Asserting that this "case was in the absolute preliminary stages of litigation[,]" Plaintiffs further contend they were "not allowed the opportunity to inquire further into the date the permit was issued, how many loads of waste were disposed of under the permit, and whether hauling by the permit holder of trash generated outside of Acadia Parish actually ceased, as alleged by [Defendants]." Plaintiffs posit that these facts are pertinent and were not determined by the trial court. Plaintiffs' second and third assignments of error posit that the aforementioned information represents material facts which are undetermined and, as such, bar Defendants' entitlement to summary judgment at this time.

Defendants submit that the information sought by Plaintiffs, i.e., the date on which permit number 00930 was issued and the amount of trash that was disposed under permit number 00930, is irrelevant. Defendants argue that Plaintiffs' Petition for Injunctive Relief and Declaratory Judgment "did not ask the [trial court] to render a ruling on what constitutes out-of-parish waste." We agree.

Notwithstanding Plaintiffs' claim of inadequate discovery, each of Plaintiffs' three assignments of error addresses the trial court's determination that Defendants were entitled to summary judgment. In *Southern Acadiana Services, LLC v. Phayarath*, 14-03, p. 3 (La.App. 3 Cir. 5/7/14), 139 So.3d 638, 641, this court

5

set forth the following relative to the standard of appellate review to be applied when considering a motion for summary judgment:

> A motion for summary judgment is reviewed on appeal under the de novo standard of review. *Hogg v. Chevron USA, Inc.*, 09-2632 (La.7/6/10), 45 So.3d 991. The reviewing court uses the same criteria as the trial court to determine whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *See* La.Code Civ.P. art. 966; *Hogg*, 45 So.3d 991. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). "[A] 'genuine issue' is a 'triable issue,' or one as to which reasonable persons could disagree. A 'material fact' is a fact, the existence or non-existence of which may be essential to a cause of action under the applicable theory of recovery." *Hogg*, 45 So.3d at 997 (citations omitted), citing *Champagne v. Ward*, 03-3211 (La.1/19/05), 893 So.2d 773.

In the present case, Plaintiffs sought the revocation of permit number 00930 to Affordable Pools, LLC, and an injunction forbidding the issuance of permits which allow the disposal of out-of-parish waste into the Acadia Parish Sanitary Landfill. However, our review of the record reveals the remedies sought in Plaintiffs' petition have already been obtained.

In *Police Jury of the Parish of Acadia*, 653 So.2d 94, this court upheld the trial court's determination that the Acadia Parish Police Jury had exceeded its authority by entering into a contract which allowed out-of-parish waste to be disposed of at the Acadia Parish Sanitary Landfill. This court ruled that the Acadia Parish Sanitary Landfill was funded through a special tax, the Acadia Parish Police Jury was authorized to exercise only powers explicitly stated in tax proposals and, thus, since the special tax proposals were silent concerning out-of-parish waste, taxpayers had not given authority to the Acadia Parish Police Jury to dispose of

out-of-parish waste at the Acadia Parish Sanitary Landfill. Thus, a permanent injunction prohibiting the disposal of out-of-parish waste at the landfill was issued.

The relevant evidence herein reveals that permit number 00930 was revoked on February 6, 2013. The ruling of this court in *Police Jury of the Parish of Acadia*, 653 So.2d 94, established a permanent injunction which forbids disposal of out-of-parish waste into the Acadia Parish Sanitary Landfill. Thus, there is no controversy or conflict. The legal remedies sought by Plaintiffs in their pleadings have been obtained, thereby rendering the matter before us moot. There being no outstanding genuine issues of material fact and with Defendants being entitled to judgment as a matter of law, the judgment of the trial court granting summary judgment in favor of Defendants and dismissing Plaintiffs' claims relative to the Motion for Summary Judgment[2] is affirmed.

## DECREE

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Defendants, the Acadia Parish Police Jury and Richard "Dickie" Latiolais. Costs are assessed to Plaintiffs/Appellants, Alphonse J. Credeur, Alton Joseph Stevenson, and Lenis Dale Trahan.

**AFFIRMED.**

---

[2]In Plaintiffs' Assignment of Error Number Three, a number of claims were made by Plaintiffs which were not sought by Plaintiffs in their Petition for Injunctive Relief and Declaratory Judgment and which were not ruled upon by the trial court; hence, those claims are not before this court and are not addressed herein.